UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**RECEIVED**
FEB - 6 2009
AT 8:30 _____
WILLIAM T. WALSH, CLERK

------------------------------------x
PROCTER & GAMBLE
COMPANY,
Plaintiff

    v.

MCNEIL-PPC, INC.
Defendant.
------------------------------------x

CIVIL ACTION NO. 08-CV-251

## DISCOVERY CONFIDENTIALITY ORDER
~~PROTECTIVE ORDER~~

WHEREAS Sigmond Consulting ("Sigmond"), a non-party in this action, possesses confidential information which may be disclosed in responding to a subpoena served upon Sigmond by the Procter & Gamble Company ("Plaintiff") on October 13, 2008 and which must be protected in order to preserve the legitimate business interests of Sigmond; and

WHEREAS Plaintiff and Sigmond have, through counsel, stipulated to the entry of this ~~Protective~~ Order to prevent unnecessary dissemination or disclosure of such confidential information; and *and the court having considered the Declaration of Charles Quinn,*

WHEREAS the undersigned have established good cause for entry of this Order. *dated February 5, 2009*

IT IS HEREBY ORDERED that:

1. Definitions

    (a) The term "Highly Confidential Information" shall mean information *described in the Declaration of Charles Quinn at ¶ 4 and* designated as containing or comprising Highly Confidential Information pursuant to the provisions of this Order. Such information may include, without limitation, documents produced in response to the subpoena; information produced by parties or non-parties which Sigmond is

under an obligation to maintain in confidence; answers to interrogatories and responses to requests for admission or other discovery requests; deposition, hearing, or trial transcripts; tangible things or objects that are designated as containing or comprising Highly Confidential Information. The information contained therein and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such information shall also be deemed Highly Confidential Information. Information originally designated as Highly Confidential Information shall not retain that status after any ruling by the Court denying such status to it. Furthermore, Highly Confidential Information shall not include materials that have been or become lawfully in the possession of the Receiving Party (defined below) through communications other than production or disclosure in this action or have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party.

(b) The term "Receiving Party" shall mean the party to whom Highly Confidential Information is disclosed.

(c) Notwithstanding anything to the contrary herein, the description Highly Confidential Information shall apply to all that information so designated by Sigmond absent an order of the Court or subsequent written agreement of Sigmond providing otherwise.

### Designation of Highly Confidential Information as Highly Confidential Information

2. Sigmond shall designate any material that it believes contains or comprises Highly Confidential Information. In so designating the material, Sigmond shall mark "HIGHLY CONFIDENTIAL" on every page containing Highly Confidential Information.

3. In the event Sigmond discovers, after it has produced information, that it has inadvertently produced Highly Confidential Information that has not been correctly designated, Sigmond may redesignate the information by a subsequent notice in writing specifically identifying the redesignated information, in which event the undersigned parties shall thereafter treat such information in accord with this Protective Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlabeled documents or things occurring before the Receiving Party was placed on notice of Sigmond's claims of confidentiality.



## Disclosure of Highly Confidential Information

4. Information designated as Highly Confidential Information may be disclosed only to the following:

(a) Attorneys, employees, and staff affiliated with any of the law firms representing plaintiff, Sigmond, or defendant (provided defendant agrees to be bound by the terms of this Protective Order). At present, such firms are Wilmer Cutler Pickering Hale & Dorr LLP; Graham Curtin PC; Jenner & Block LLP; Quinn Emanuel Urquhart Oliver & Hedges LLP; and Quarles & Brady LLP.

(b) those persons described in Paragraph 16 herein.

(c) the Court, Court personnel, and Official Court Reporters to the extent that Highly Confidential Information is disclosed at a deposition or court session which such reporter is transcribing.

(d) Independent consultants or consultants (and their staff) retained by the attorneys for the Receiving Party either as technical consultants or expert witnesses for the

purpose of this litigation, as long as these personnel comply with the procedure of Paragraph 14 herein, and subject to the provisions of Paragraph 5.

(e) Vendors retained by or for the Receiving Party for preparing audiovisual aids, e.g., exhibits, models, graphics and video-tapes for use in the court room, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation.

(f) Outside document copying services, and/or document coding or computerization services.

(h) Interpretors or translators.

## Use and Control of Highly Confidential Information

5. Counsel for the Receiving Party may disclose Highly Confidential Information to retained experts and consultants who are actively assisting in the preparation for and/or trial of the case subject to the provisions of this paragraph. A party desiring to disclose Highly Confidential Information to retained experts or consultants shall first obtain from each such expert or consultant a signed Declaration of Compliance With the ~~Protective~~ Order in the form attached as Exhibit 1, a current resume or curriculum vitae, a list of all publications by such proposed expert or consultant for the past ten (10) years, a list identifying all lawsuits in which such proposed expert or consultant has testified in deposition, hearing or trial, and a list identifying all employers of such expert or consultant. A copy of the signed Declaration of Compliance, resume or curriculum vitae, and lists shall be served upon Sigmond. Sigmond will then have five (5) business days from the day of receipt of notice to submit an objection, in writing, notifying the other party that it objects to such individual being shown Highly



- 4 -

Confidential Information and explaining the basis for the objection. During this time period, Highly Confidential Information may not be disclosed to the individual. The undersigned parties will then have five (5) business days after an objection is raised during which they may agree on terms under which the individual may be given access to Highly Confidential Information. During this time period, no Highly Confidential Information may be disclosed to the individual. If the undersigned parties are unable to resolve their differences, the Receiving Party may apply to the Court for relief, *via a joint letter setting forth each party's positions*. The burden shall be on the Receiving Party to demonstrate good cause why Highly Confidential Information may be shown to the designated individual. If application to the Court is not made within five (5) business days of the notification of objection, the party seeking to provide Highly Confidential Information to an expert consultant or in-house scientific advisor is not permitted to do so. In the event that application for relief is made to the Court, however, the materials will continue to be treated as Highly Confidential Information in accordance with this Protective Order during the time the Court considers the application and the information may not be disclosed to the individual.

6. Except as otherwise approved by Sigmond or by an order of the Court, Highly Confidential Information may be used by a Receiving Party in taking testimony during a deposition, at a hearing, or at trial, only if the witness is:

(a) an existing employee of Sigmond;

(b) a retained expert or consultant or other person duly qualified under Paragraph 5;

(c) any person having authored or received the Highly Confidential Information during the course of his or her employment or consultancy; or

- 5 -

(d) any existing or former employee or, or any Rule 30(b)(6) designee of, a third party who is a deponent or trial witness being shown Highly Confidential Information that was provided to said third party, provided that Sigmond is given five (5) business days notice to object to the use of such Highly Confidential Information because it was never provided to the third party.

Any attendee at a deposition in which Highly Confidential Information is shown or discussed must be qualified under this Order to review such information. The undersigned expressly agree that all persons not so qualified may be excluded from the portion of any deposition in which Highly Confidential Information is shown or discussed.

7. All information designated as Highly Confidential Information pursuant to this Order and disclosed in this litigation shall be used by a recipient thereof solely for the purposes of this litigation and not (1) for any business or competitive purposes or (2) in any other litigation or arbitration. It shall be the duty of each party and each individual having notice of this ~~Protective~~ Order to comply with this Order from the time of such notice. 

8. All deposition testimony shall be marked Highly Confidential and shall be treated as containing Highly Confidential Information and subject to this ~~Protective~~ Order until a time of thirty (30) calendar days after the official transcript of such testimony is received. After expiration of the thirty (30) day period, the Highly Confidential designation shall have no force and effect unless within thirty (30) calendar days of receipt of the official deposition transcript, Sigmond notifies the Receiving Party in writing that Highly Confidential Information is contained within the deposition testimony and specifies the specific pages and lines of the transcript on which such information is contained. If during a Court proceeding Highly Confidential Information is likely to be revealed, any party may request that the proceeding be

*[handwritten: pudsph an. application shall comply with paragraph 9.]*

held *in camera*. If such request is granted by the Court, the transcript of such proceedings shall be treated as a deposition transcript for the purposes of this Order.

9. All Highly Confidential Information subject to confidential treatment in accordance with the terms of this ~~Protective~~ Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any Highly Confidential Information, shall be filed under seal ~~and kept under seal until further order of the Court. Where possible, only the protected portions of filings with the Court shall be under seal.~~ *[handwritten: if the law of the Circuit supports such a request to seal] [handwritten: If there is a request to seal information submitted to this Court in support of a request for non discovery relief, then the parties shall comply with L.Civ.R 5.3 and contact the chambers of the undersigned for further instruction concerning the format of such a motion]*

### Miscellaneous

10. The undersigned acknowledge that it may be impractical to contemporaneously assess the confidentiality of any or all information in documents, testimony, transcripts, and/or other materials and things produced by Sigmond in the course of this action. Therefore, if the Receiving Party wishes to challenge the designation, or lack thereof, of any such information, the Receiving Party shall, in good faith, limit such efforts solely to those documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which reclassification reasonably appears to be appropriate. Sigmond shall, within five (5) business days after receipt of the Receiving Party's request for reclassification, make a good faith determination as to whether the information at issue should be reclassified and notify the Receiving Party of its determination. If the dispute cannot be resolved informally or no response is received from Sigmond within such five (5) business days, the Receiving Party may seek appropriate relief *[handwritten: via a joint letter setting forth each party's position]* from the Court, pursuant to the procedures concerning discovery disputes. The Receiving Party shall have the burden of establishing the propriety of the designation. The designation of the disputed information shall remain unless and until otherwise ordered by the Court. A party shall not be obligated to challenge the impropriety of a designation of a document as Highly

-7-

Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

11. This ~~Protective~~ Order may be amended with respect to specific documents or items of Highly Confidential Information by Court order, or by written agreement of the undersigned hereto. This Protective Order shall remain in force and effect indefinitely until modified, superseded, or terminated by Order of this Court.

12. Upon final termination of this action (including all appeals) with respect to any party receiving any Highly Confidential Information and at the option of Sigmond, the Receiving Party shall, within thirty (30) days of such termination, either return to Sigmond or destroy all Highly Confidential Information in its possession. In either event, the Receiving Party shall specifically describe the materials returned or destroyed and certify their return or their destruction, with the exception that outside counsel for each party may retain one copy each of the pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits, and the trial record.

13. The Receiving Party shall not disclose or cause to be disclosed to anyone not specified in Paragraph 5 as being entitled to receive it, any information designated as Highly Confidential Information under this Protective Order without prior written consent of Sigmond or an Order of this Court. If the Receiving Party learns that Highly Confidential Information produced to it is disclosed to any person other than in the manner authorized by this Order, the Receiving Party learning of the disclosure must immediately inform Sigmond of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

14. No expert or consultant designated in accordance with paragraph 5(d) above shall have access to Highly Confidential Information without first signing a Declaration of Compliance With the ~~Protective~~ Order (in the form attached as Exhibit 1 hereto). A file of all such original written Declarations shall be maintained by counsel for the party obtaining them.

15. Nothing herein shall prevent any party or non-party from seeking relief other than that specified in this Order from the Court.

16. Nothing herein shall prevent: (a) Sigmond from disclosing its own Highly Confidential Information in any manner that it considers appropriate; (b) counsel for the Receiving Party from showing or using Highly Confidential Information during examination, at deposition or trial, of any current or former officer, employee or retained expert of the party who designated the information as confidential, or to any person who either authored in whole or in part, or who received in the ordinary course of his or her work, the Highly Confidential Information.

17. All documents and things produced by Sigmond for inspection by the other shall be retained by Sigmond and, during the pendency of this litigation, shall be made available for reinspection for good cause pursuant to the terms of this Order on reasonable notice and at reasonable times upon request.

18. Inadvertent production of documents or information subject to the attorney-client and attorney-work-product privileges shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this paragraph are satisfied. If Sigmond discovers that information produced in discovery should have been withheld on the basis of privilege, Sigmond must immediately notify the Receiving Party. In such event, the Receiving Party must immediately return the privileged information along with all the duplicates. Once notified of the

production of privileged information, the Receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to Sigmond. Within fifteen (15) days of notifying all other parties, Sigmond must provide a privilege log to all parties that lists the privileged information. The Receiving Party shall have no liability, under this order or otherwise, for any disclosure or use of privileged information occurring before the Receiving Party was placed on notice of Sigmond's claims of privilege.

19. Execution of this ~~Protective~~ Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any discovery material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding. 

20. This Order shall continue in effect after termination of this action and shall continue to be binding upon all persons to whom Highly Confidential Information is disclosed hereunder.

IT IS HEREBY STIPULATED:

Date: Feb. 5, 2009

GRAHAM CURTIN PC

_____
Charles Quinn
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991

*Attorneys for Plaintiff*
*The Procter & Gamble Company*

WILMER CUTLER PICKERING HALE & DORR LLP

_____
Paul B. Keller
399 Park Avenue
New York, NY 10022

*Attorneys for Plaintiff*
*The Procter & Gamble Company*

Date: Feb. 4, 2009

JENNER & BLOCK LLP

_____
David R. Bennett
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL 60611-7603
*Attorney for Non-Party*
*Sigmond Consulting*

Date: _____

SO ORDERED THIS 13th day of February 2009

_____
United States ~~District~~ Judge
Magistrate

- 11 -

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------x
PROCTER & GAMBLE
COMPANY,
Plaintiff

v.                                      : Civil Action No. 08-CV-251

MCNEIL-PPC, INC.
Defendant.
------------------------------------x

## DECLARATION OF COMPLIANCE WITH THE ~~PROTECTIVE~~ DISCOVERY CONFIDENTIALITY ORDER

I, the undersigned, hereby acknowledge that I have read the ~~Protective~~ Discovery Confidentiality Order entered in this action, understand the terms thereof, agree to be bound by such terms, and agree to be subject to the jurisdiction of this Court in all matters relating to said ~~Protective~~ Order. I acknowledge that I will treat all information designated as "Highly Confidential" strictly in accordance with the terms and conditions of this ~~Protective~~ Order, and that I understand that any unauthorized use of such material that I receive may constitute contempt of court.

Date:                                   Signature

Address:                                Print Name